United States District Court
Southern District of Texas
**ENTERED**
February 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO QUINTAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-22-0662 |
| | § | |
| GRANITE CONSTRUCTION INCORPORATED, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Defendant's Motion to Confirm Arbitration Award and to Dismiss with Prejudice (Document No. 27); and Plaintiff's Motion to Vacate the Arbitration Award (Document No. 39). Having considered the motions, submissions, and applicable law, the Court determines that the Defendant's motion should be granted, and the Plaintiff's motion should be denied.

## I. BACKGROUND

This is a workplace discrimination and retaliation suit. In August 2019, *pro se* Plaintiff Alejandro Quintas ("Quintas") was hired at Defendant Granite Construction Incorporated ("Granite") for the position of real estate asset manager. Quintas alleges he was subject to discrimination, and, on August 18, 2020, after complaining of such discrimination to management, was terminated.

Based on the foregoing, On March 2, 2022, Quintas brought suit against Granite claiming age discrimination, national origin discrimination, and retaliation. On July 31, 2022, the Court granted Granite's motion to compel arbitration pursuant to the parties preexisting arbitration agreement and stayed this case pending the completion of the parties' arbitration. On September 19, 2024, the arbitrator, Archangela Maria DeSilva (hereinafter "the Arbitrator") issued her final award denying the remainder of Quintas' claims.[1] On September 27, 2024, Granite petitioned the Court for an order to confirm the award of the Arbitrator and dismiss Quintas' claims with prejudice in accordance with the underlying arbitration award. On January 23, 2025, Quintas moved to vacate the arbitration award.

## II. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") sets forth the required criteria for vacating an arbitration decision. *See* 9 U.S.C. § 10(a). Judicial review of an arbitration decision under the FAA is "extraordinarily narrow." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 357 (5th Cir. 2004); *see also, e.g. Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004). "The court may not vacate the [arbitrator's] award based on mere errors in interpretation or application of the law, or mistakes in factfinding." *United Paperworkers Int'l Union v. Misco, Inc.*,

---

[1] *Defendant's Motion to Confirm Arbitration Award and to Dismiss with Prejudice*, Document No. 27, Exhibit B at 6 (*Arbitration Award*) [hereinafter *Arbitration Award*].

2

484 U.S. 29, 38 (1987). The central question for the Court to consider is "whether the arbitration proceedings were fundamentally unfair." *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990) (citing *Teamsters, Local Union 657 v. Stanley Structures, Inc.*, 735 F.2d 903, 906 (5th Cir. 1984)).

The FAA only provides four grounds for vacating an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct or misbehavior; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final,, and definite award upon the subject matter submitted was not made. *See* 9 U.S.C. § 10(a). Notably for the purposes of this case, the FAA does not provide for vacatur of an arbitration award based on the merits of a party's claim. *Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009).

### III. LAW & ANALYSIS

Granite moves to confirm the arbitration award and dismiss the case with prejudice in accordance with the arbitration award. Quintas, acting *pro se*, moves to vacate the arbitration award on three specific grounds: (1) alleged misconduct by the Arbitrator; (2) the Arbitrator exceeding her powers and authority; and (3) procedural unfairness. The Court construes all pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court will consider, in turn, each of

Quintas' arguments regarding why the arbitration award should not be confirmed by the Court.

*A. Misconduct by the Arbitrator*

Quintas first contends that the Arbitrator engaged in misconduct by: (1) failing to consider Quintas' evidence; (2) misrepresenting his testimony; (3) and improperly crediting his narrative."[2] Granite contends that these allegations are blatantly false and are "nothing more than an improper attempt to relitigate the underlying arbitration."[3] Granite further contends that the Arbitrator heard evidence from both sides over five days of hearing spanning over five months. Granite attests that Quintas had adequate opportunity to present evidence during the arbitration hearings, presenting testimony for approximately sixty percent of the total arbitration period, and over sixty exhibits.[4] Furthermore, the Arbitrator expressly stated that she reviewed and considered all of the evidence presented by both parties.[5] Having considered guidance offered in both the FAA and Fifth Circuit case

---

[2] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 39 at 3–8.

[3] *Defendant's Response to Plaintiff's Motion to Vacate Arbitration Award and Motion to Confirm Arbitration Award and to Dismiss with* Prejudice, Document No. 40 at 8.

[4] *Defendant's Response to Plaintiff's Motion to Vacate Arbitration Award and Motion to Confirm Arbitration Award and to Dismiss with* Prejudice, Document No. 40 at 9.

[5] *Arbitration Award, supra* note 1.

law, the Court finds that failure to consider evidence is an improper ground for vacatur of the arbitration award under the FAA. Additionally, the Court notes that mere speculation that an arbitrator failed to consider evidence is insufficient for purposes of vacatur. Accordingly, the Court finds that Quintas' arguments for vacatur on evidence grounds should be rejected. The Court will now consider Quintas' contentions that the Arbitrator exceeded her powers.

### B. Exceeding Arbitrator's Powers

Quintas also contends that the Arbitrator exceeded her powers by "issuing an award that was based on incomplete evidence and a misleading understanding of [Quintas'] testimony."[6] Similar to his first set of arguments, Quintas further contends that the Arbitrator was selective and biased in her evaluation of the evidence. The Fifth Circuit has made clear that arbitrators exceed their power only when they act "contrary to … express contractual provisions." *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 402 (5th Cir. 2007). When determining whether arbitrators have exceeded their power, the court "must resolve all doubts in favor of arbitration." *Action Indus., Inc. v. U.S. Fid. Guar. Co.*, 358 F.3d 337, 343 (5th Cir. 2004).

Here, Granite makes note that Quintas does not argue that the Arbitrator acted outside of the express provisions of the parties' arbitration agreement or the

---

[6] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 39 at 8.

arbitration rules. Rather, Quintas' arguments that the Arbitrator exceeded her powers rely solely upon the same evidentiary arguments raised previously. The Court finds that for the same reasons that these evidentiary arguments fail to show evident partiality or misconduct, they likewise fail to establish that the Arbitrator exceeded her powers. Accordingly, the Court finds that Quintas' arguments for vacatur on the grounds of the Arbitrator exceeding her powers should be rejected. The Court will now consider Quintas' final contention that the arbitration proceeding was procedurally unfair.

*C. Procedural Unfairness*

Quintas finally contends that the Arbitrator's "failure to properly apply basic principles of fairness and due process ... reflects a manifest disregard for the law."[7] More specifically, Quintas contends that the Arbitrator denied him the opportunity to question witnesses about their interactions with legal counsel and allowed Granite to benefit from in-house legal counsel while he was "forced to proceed without any legal representation or consultation."[8] Granite contends that Quintas was formerly represented by legal counsel, and voluntarily consented to his counsel's withdrawal

---

[7] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 39 at 9.

[8] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 39 at 11.

prior to arbitration.[9] Granite further contends that given Quintas' choice not to bring a lawyer to the arbitration hearing, Granite did not either. Furthermore, Granite makes reference to the appropriate standard for vacatur, noting for the Court well-established case law that so long as "the arbitrator is 'even arguably construing or applying the contract or acting within the scope of his authority'" even a "serious error does not suffice to overturn [the arbitrator's] decision." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) (quoting *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n Intern.*, 343 F.3d 401, 405 (5th Cir. 2003)). The Court finds no evidence in the record to suggest that the Arbitrator acted in a manner that would contribute to a procedural unfairness, and note her well-detailed award in which she specifically considers both parties evidence and provides a detailed analysis supporting her decision.[10] Accordingly, the Court finds that Quintas' arguments for vacatur on the grounds of procedural unfairness should be rejected.

Even construing the filings liberally, the Court finds that Quintas offers no plausible factual or legal basis for his assertion that the arbitration award should be vacated by this Court. Given the FAA and Fifth Circuit's guidance outlining the four

---

[9] *Plaintiff's Unopposed Motion for Connor Throckmorton to Withdraw as Attorney*, Document No. 22 at 1.

[10] *Arbitration Award, supra* note 1.

limited grounds for vacating an arbitrator's decision, the Court finds that Quintas has failed to present sufficient evidence necessary to satisfy the standards for this Court to vacate the arbitration award. Accordingly, the Court finds that Granite's motion to confirm the arbitration award and to dismiss with prejudice should be granted, and Quintas' motion to vacate the arbitration award should be denied.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Confirm Arbitration Award and to Dismiss with Prejudice (Document No. 27) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's Motion to Vacate the Arbitration Award (Document No. 39) is **DENIED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __21__ day of February, 2025.

_____
DAVID HITTNER
United States District Judge